UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE OMAR CRUZ-MERCADO, | CIVIL NO. 05-1596(HL) |
| Petitioner | *re: Criminal 02-042-2(HL)* |
| v. | Section 2255 |
| UNITED STATES OF AMERICA, | |
| Respondent | |

# OPINION AND ORDER

This matter is before the Court on petitioner's request for relief pursuant to 28 U.S.C. § 2255. Having reviewed the pleadings submitted by the parties, in light of the entire record of proceedings, the Court hereby denies petitioner's motion. The reasons for the Court's order are set forth below.

## Procedural Background

On February 6, 2002, pursuant to a Plea and Cooperation Agreement, petitioner pled guilty to Counts One, Five and Eight of an Indictment returned on January 22, 2002, by a Grand Jury of this District. (Docket Nos 2, 57, 126-27). Petitioner, a former Associate Secretary of the Puerto Rico Department of Education, pled guilty to charges of: aiding and abetting in a conspiracy to affect commerce by way of extortion with the purpose of unlawfully obtaining monies from various individuals by wrongfully inducing their consent by fear of economic harm under color of official right, all in violation of 18 U.S.C. § 1951(a) (Count One); theft concerning a Department of Education program for the creation of computer training centers,

Civil No. 05-1596(HL)                                                                      Page -2-
*re: Cr. 02-042-3(HL)*

which program received Federal funds, in violation of 18 U.S.C. § 666(a)(1)(A)(i)(ii) and 2

(Count Five); and, conspiracy to commit money laundering, by conspiring to conduct financial

transactions designed to conceal the proceeds of the aforementioned unlawful activity, in

violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count Eight).

Although the government did not renounce petitioner's Plea and Cooperation

Agreement, it declined to move for a downward departure based on substantial assistance

because petitioner failed to tell the truth on an occasion.  For this same reason, petitioner

stipulated an upward adjustment for obstruction of justice.  "The Court, however, refused to

accept the agreement and instead imposed a sentence without regard to it."  *Cruz-Mercado*,

<u>infra</u>, 360 F.3d at 34, n.2.

Consequently, judgment was entered on December 12, 2002, sentencing petitioner to

a term of 132 months of imprisonment as to the three counts of conviction, in lieu of the

anticipated recommended sentence of 46-57 months as set forth in the Plea and Cooperation

Agreement.   Although no restitution was imposed, petitioner was ordered to forfeit to the

United States the amount of $600,000.00, as stipulated in the Agreement.  (Docket No. 586).

An appeal followed and, on March 2, 2004, the U.S. Court of Appeals for the First

Circuit affirmed petitioner's conviction and sentence.  *United States v. Cruz-Mercado*, 360 F.3d

30 (1st Cir. 2004) (Docket No. 664).

Petitioner has moved for Section 2255 relief alleging counsel Ignacio Rivera was

Civil No. 05-1596(HL)                                                                      Page -3-
*re: Cr. 02-042-3(HL)*

ineffective by: (1) agreeing to a 2-level increase for obstruction of justice and waiving a

hearing; (2) failing to "protect his interests" before the district court proceedings as to the total

loss calculation by agreeing to a stipulation that petitioner was responsible for losses between

$350,000 and $600,000; (3) failing to argue, both at the trial and appellate levels, that petitioner

was not responsible for the total loss of $4.3 million alleged in the indictment but for the

amount stipulated in the Plea and Cooperation Agreement. Petitioner further argues that his

sentence is excessive.

### The Law of the Case

The Court notes, at the outset, that "[w]hen a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case."

*Morris v. American Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993), cited in *First Union Nat.*

*Bank v. Pictet Overseas Trust Corp., Ltd.*, ___ F.3d ___, 2007 WL 136043, *2 (8th Cir. Jan. 22,

2007). This is meant to "prevent [] relitigation of settled issues in a case, thus protecting the

settled expectations of parties, ensuring uniformity of decisions, and promoting judicial

efficiency." *Little Earth of the United States Tribes, Inc. v. United States Dept. of Hous. &*

*Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986).

Petitioner has raised issues squarely decided on appeal. Petitioner argues that he was

improperly denied a downward departure for substantial assistance and that his sentence should

not have been calculated based on the total $4.3 million loss alleged in the indictment. The

Civil No. 05-1596(HL)                                                                      Page -4-
*re: Cr. 02-042-3(HL)*

Court of Appeals rejected said argument on its merits holding that, "[a]lthough it appear[ed] that

Cruz provided significant assistance in the prosecution of this case, his cooperation agreement

explicitly gave the government the authority not to request a downward departure in the event

Cruz failed to meet his obligation to be truthful." *Cruz-Mercado*, 360 F.3d at 34. The Court

of Appeals further held that, "[b]ased on Cruz's extensive involvement throughout the relevant

six-year period, as detailed in his plea and cooperation agreement, the court supportably found

that he shared responsibility as a partner for the full amount of the loss." *Id.*, at 35.

Petitioner "is prohibited from using a § 2255 motion to relitigate the same issues that

were presented and decided on his direct appeal. Issues which are presented and considered

on direct appeal cannot make their debut in a § 2255 proceeding absent exceptional

circumstances or an intervening change in the law." *Tarpkin v. United States*, ___ F.Supp.2d

___, 2006 WL 37611883, *5 (E.D. Tenn. Dec. 21, 2006).

No exceptional circumstances exist which would allow petitioner to relitigate the denial

of a downward departure for substantial assistance or the Court's findings at sentencing

concerning his responsibility for the full amount of the loss as alleged in the indictment.

### Counsel's Performance

To establish ineffective assistance of counsel, a petitioner must show that the attorney's

performance was both constitutionally deficient and prejudicial. *Strickland v. Washington*, 466

U.S. 668, 687 (1984). "Counsel's performance is deficient if the representation falls below an

Civil No. 05-1596(HL)                                                                    Page -5-
*re: Cr. 02-042-3(HL)*

objective standard of reasonableness. *Id.* at 687-88. '[P]rejudice' involves 'a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.' *Id.* at 694. Counsel's performance is evaluated from the attorney's perspective

at the time of the assistance, considered in light of all the circumstances prevailing at that time,

and indulging a strong presumption that counsel's conduct fell within the "wide range of

reasonable professional assistance.' *Id.* at 689." *Conley v. Mullin*, ___ F.3d ___, 2007 WL

172013, *6 (W.D.Okla. Jan. 22, 2007).

The Loss Stipulation

Petitioner's arguments concerning counsel's alleged ineffectiveness in failing to protect

his interests by recommending the stipulation of loss in the Plea and Cooperation Agreement

is a transparent "twist" to the sentencing finding which was upheld on appeal.  The Court

exercised its discretion when it took into consideration the total loss amount alleged in the

indictment for purposes of sentencing.  The Circuit's findings in this regard were precise:

> At sentencing, however, the district court expressed its view that
> Cruz and Fajardo were equally culpable "partners in crime." The
> court also noted that the factual allegations indicated that "the
> money involved in the conspiracy significantly exceeded the 4.3
> million dollars reflected in the indictment," which simply was the
> amount the government felt it could prove beyond a reasonable
> doubt. Because of the scope of the scheme and appellant's
> admitted obstruction of justice, the court found that it was not
> bound by the plea agreement and that a sentence at the high end
> of the applicable range, based on the full $4.3 million, was

Civil No. 05-1596(HL)                                                                                                Page -6-
*re: Cr. 02-042-3(HL)*

>              appropriate. The court noted that there were grounds for imposing
>              an upward departure, but decided against doing so.

*Cruz-Mercado*, 360 F.3d at 35.

The findings made at sentencing were entirely within the Court's discretion under the

law and do not correspond to a vulnerability in the Plea and Cooperation Agreement, which

petitioner seems to suggest was somehow derived from counsel's failure to effectively protect

his interests.  Petitioner's counseled decision to accept responsibility for losses stipulated at the

amount of $600,000,  *vis a vis* the total amount of $4.3 million of the extortion and money

laundering scheme, as charged in the Indictment, cannot be characterized as ineffective

assistance of counsel.

The fact that petitioner would, in hindsight, perhaps have insisted on another type of

agreement – such as one which would bind the Court to the parties' sentencing calculation– is

both unreasonable and legally unsupportable.   The Plea and Cooperation Agreement

significantly limited petitioner's sentencing exposure in terms of imprisonment and restitution.

As part of the Agreement, the prosecution also bargained away some counts.  Moreover, were

it not for petitioner's breach of the Agreement by his untruthfulness –a plight which petitioner

brought solely upon himself– the government would have moved for a downward departure

based on substantial assistance.  "The applicable standard is not errorless counsel, and not

counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering

reasonably effective assistance."  *Crawford v. Head*, 311 F.3d 1288, 1312 (11th Cir. 2002)

Civil No. 05-1596(HL)                                                                 Page -7-
*re: Cr. 02-042-3(HL)*

(citations omitted).

Contrary to petitioner's assertions, counsel vehemently argued that his sentence should
not have been calculated based on the $4.3 million total loss alleged in the indictment. The
issue was thus preserved for appeal. The fact that, as stated beforehand, this Circuit reached
the merits of said argument indicates that counsel indeed made such an argument. Petitioner's
allegations to the contrary are factually inaccurate and disputed by the record.

In sum, our review of the record indicates that counsel's performance was
constitutionally adequate. Petitioner's hindsight allegations do not alter our conclusion.

The Stipulation to the Obstruction of Justice Enhancement

At sentencing, the Court made detailed findings as to the sentence imposed as one
reflective of the seriousness of petitioner's conduct, providing both just punishment and
deterrence.

The Court entered also entered its findings as to the facts supporting an obstruction of
justice enhancement for the record:

> Based on the Defendant's own admission, the Court finds that he
> obstructed justice during the course of the investigation by
> providing materially false information and failing to disclose
> material information to the prosecutors that significantly
> obstructed the official investigation and prosecution...

(Docket No. 609; Sentencing Hearing Transcript at p. 27).

Petitioner compromised his already dire situation by breaching the Plea and Cooperation

Civil No. 05-1596(HL)                                                      Page -8-
*re: Cr. 02-042-3(HL)*

Agreement. His attempt to make counsel responsible for the consequences of his untruthfulness

is reprehensible at best.  In light of this scenario, counsel's strategy, in consultation with his

client, to stipulate to an obstruction of justice enhancement was a reasonable and sound tactical

choice.  Conversely, a refusal to enter into such stipulation would have prompted a hearing on

the matter and would have exposed the petitioner to perjury charges and the government's

withdrawal of the Agreement.

Defense counsel must make choices as the proceedings progress.  Cf., *Ohler v. United*

*States*, 529 U.S. 753, 755 ("the defendant in a criminal trial must make choices as the trial

progresses").  "For us to grant [petitioner's Section 2255 motion] on the ground that his

attorney's tactical decisions were utterly without reason at the time they were made would

constitute Monday-morning quarterbacking on a Thursday." *United States v. Molina-Uribe*,

429 F.3d 514, 520 (5th Cir. 2005).

The record amply supports the conclusion that, given the totality of the circumstances,

counsel rendered reasonably effective professional assistance.

**Excessive Sentence**

Petitioner alleges, in a conclusory fashion and without citation to specific competent

authority other than "recent Supreme Court decisions," that his sentence is excessive.  Such a

conclusory allegation is insufficient to frame a genuine issue.  "The Court will not consider

issues adverted to in a perfunctory manner, unaccompanied by some effort at developed

Civil No. 05-1596(HL)                                                                          Page -9-
*re: Cr. 02-042-3(HL)*

argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004).

**Conclusion**

WHEREFORE, all premises considered, petitioner's motion pursuant to Section 2255

is hereby DENIED.  Judgment shall be entered accordingly.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the denial of relief pursuant to Section 2255 may

be appealed only if this Court, or the Court of Appeals, first issues a Certificate of Appealability

(COA).  A COA will issue "only if the applicant has made a substantial showing of the denial

of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to successfully make such a

showing, a petitioner must demonstrate that "reasonable jurists could debate whether ... the

petition could have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000).

In this case, a COA shall not issue as the Court finds that the petitioner has not made a

substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of February, 2007.

                                                              s/ Héctor M. Laffitte
                                                              HECTOR M. LAFFITTE
                                                              U.S. DISTRICT JUDGE