## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>JOSE OMAR CRUZ MERCADO [2],<br><br>**Defendant.** | **CRIMINAL NO.** 02-042 (CCC) |

### UNITED STATES OF AMERICA'S MOTION FOR FINAL ORDER OF FORFEITURE

TO THE HONORABLE COURT:

COMES NOW, the United States of America by its undersigned counsel, and very respectfully submits its Motion for a Final Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions.

On January 6, 2002, defendant JOSE OMAR CRUZ-MERCADO [2], pled guilty as to Count One (1) Count Five (5), and Count Eight (8) of the indictment. The Criminal Forfeiture Allegation of the Indictment sought forfeiture, pursuant to Title 21, United States Code, Sections 853(p), as incorporated by Title 18, United States Code, Section 982(b), of "all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a sum of money in United States currency..." Id.

For the purpose of the Plea Agreement, the parties agree that the defendant forfeit the amount of not less than six hundred thousand dollars ($600,000.00) of which amount defendant has already given to the United States fourteen thousand seven hundred and sixty three dollars with sixteen cents ($14,763.16) which is the amount of money given to defendant in kickback and/or extortion payments. The remaining amount of money will be forfeited by the defendant via cash, monetary instrument or real property.

Criminal No. 02-042 (CCC)                                                                                           2

Defendant's guilty plea establishes the requisite nexus between such property and the offenses charged. Therefore, pursuant to Rule 32.2(b)(1) and (b)(4) the defendant had derived $600,000.00 in U.S. currency, from the offenses for which he has been convicted and such amount was involved in the offenses charged.

The United States has made a sufficient showing of the forfeitability of the property; and on December 11, 2002, the Court entered a criminal judgment [docket entry 586], which stated that the defendant Cruz-Mercado forfeit to the United States the amount of $600,000.00. The defendant is to be credited for the sum of $14,763.16, which he has already returned to the government.

Accordingly, and as per the criminal judgment entered against defendant, JOSE OMAR CRUZ-MERCADO [2], the United States seeks the entry of a Final Order of Forfeiture consisting of a personal money judgment in the amount of $600,000.00. The defendant has been already credited for the sum of $14,763.16.

The entry of a Final Order of Forfeiture in the form of a money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. See *United States v. Baker*, 227 F.3rd 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F. 3rd 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp. 2d 470 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is *in personam*, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace

Criminal No. 02-042 (CCC)                                                                                                        3

the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc*) (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from a criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner and Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F. 2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegal obtained proceeds); *United States v. Holland*, 160 F. 3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Delco Wire and Cabble Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full"; judgment entered for $10 million, which was the amount of the racketeering proceeds).

Once the Final Order of Forfeiture is entered, and if defendant fails to make the payments, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. See *United States v. Candelaria-Silva*, 166 F3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); Rule 32.2(e); *United States v. Davis*, 177 F. Supp. 2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money

Criminal No. 02-042 (CCC)                                                                                          4

judgment.

WHEREFORE, by virtue of the guilty plea and criminal judgment entered against defendant, JOSE OMAR CRUZ-MERCADO [02], in the amount of SIX HUNDRED THOUSAND DOLLARS ($600,000.00) in United States currency from and/or involved in the offense for which the defendant Cruz-Mercado has been convicted, a money judgment should be entered against the defendant.   The amount of $14,763.16 has been credited, which he has already returned to the government.

Accordingly, the United States respectfully requests that this Court enter a Final Order of Forfeiture for said amount in favor of the United States of America as proposed in the attached order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 23[th] day of February , 2010.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney


*/s/ Miguel A. Fernández*
**Miguel A. Fernández**
Chief, Civil Division
Assistant U.S. Attorney
USDC # 125106
 # 350 Carlos Chardón Street
Torre Chardón Suite 1201
Hato Rey, Puerto Rico  00918
Tel. (787) 766-5656; Fax. (787) 772-4011
miguel.fernandez@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>JOSE OMAR CRUZ-MERCADO [2],<br><br>**Defendant.** | **CRIMINAL NO.** 02-042 (CCC) |

**FINAL ORDER OF FORFEITURE**

WHEREAS, as a result of the guilty plea to the Indictment and a Criminal Judgment entered on December 11, 2002 [docket entry 586], defendant JOSE OMAR CRUZ-MERCADO [2] shall forfeit all his interest in the following property to the United States: SIX HUNDRED THOUSAND DOLLARS ($600,000.00 ) in U.S. currency, pursuant to, Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b);

WHEREAS, defendant Cruz-Mercado' guilty plea establishes the requisite nexus between such property and the offenses charged; and

WHEREAS, as a result of the offenses in Count One, Count Five and Count Eight for which defendant Cruz-Mercado was convicted, a criminal judgment in the amount of SIX HUNDRED THOUSAND DOLLARS ($600,00.00) in U.S. currency was entered on December 11, 2002 [docket entry 586]; moreover, the defendant has been already credited for the sum of $14,763.16;

IT IS HEREBY ORDERED THAT

A Final Order of Forfeiture is entered against defendant JOSE OMAR CRUZ-MERCADO [2] in the amount of SIX HUNDRED THOUSAND DOLLARS ($600,000.00) in U.S. currency,

Criminal No. 02-042 (CCC)                                                                 2

as proceeds derived from the commission of the offenses charged.  The defendant has been credited for the sum of $14,763.16, which he has already returned to the government.

Upon the entry of this Final Order of Forfeiture, the United States Attorney General or a designee is authorized to seize the  amount  in the amount of SIX HUNDRED THOUSAND DOLLARS  ($600,000.00) in U.S. currency,  as proceeds derived from the commission of the offenses charged, which the amount of $14,763.16 has been already credited towards the six hundred thousand forfeited to the United States whether held by the defendant Cruz-Mercado or by a third party, and to conduct any discovery proper to identify, locate or dispose of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2 (b)(3).

The remaining amount of money that is, $585,236.84 will be forfeited by the defendant via cash, monetary instrument or real property.

The Court shall retain jurisdiction to enforce this Order, and to amend it if necessary, pursuant to Fed.R.Crim.P. 32.2(e).

The Clerk of the Court shall forward certified copies of this Final Order of Forfeiture to Assistant U.S. Attorney Miguel A. Fernández, Chief, Civil Division, U.S. Attorney's Office, District of Puerto Rico, #350 Chardón Street, Torre Chardón, Suite 1201, San Juan, Puerto Rico 00918.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, _____, 2010.

_____
CARMEN CONSUELO CEREZO
UNITED STATES DISTRICT JUDGE